UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CODY BECKER**,
individually and on behalf of all
others similarly situated,                                   **CLASS ACTION**

      Plaintiff,                                                **JURY TRIAL DEMANDED**

v.

**ADROIT HEALTH GROUP, LLC**,

      Defendant.
_____ /

## CLASS ACTION COMPLAINT

Plaintiff Cody Becker brings this class action against Defendant Adroit Health Group, LLC and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. This is a putative class action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"), arising from Defendant's illegal interception and recording of phone calls with individuals without their knowledge or consent.

2. Defendant is an insurance marketing agency that sells health and wellness benefits.

3. As part of its business, Defendant and its agents place marketing calls to individuals to attempt to sell its services.

4. Unbeknownst to the individuals that Defendant and its agents speak to, Defendant and its agents record the conversations.  Neither Defendant nor their agents announce at any point that an individual is being recorded and they do not otherwise seek consent to record the conversations.

1

5. Defendant and its agents record sensitive private information, including medical conditions, credit card information, and insurance information, without the individual's knowledge that this information is being recorded.

6. Defendant and its agents recorded thousands of calls with Plaintiff and Class Members, causing them injuries, including invasion of their privacy and exposing their private information to third parties.

7. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks damages authorized by the FSCA on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendants.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) as Plaintiff is a citizen of the State of Florida and Defendant is a company with its principal office in the State of Texas. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks money damages as allowed by Florida Statute § 934.10, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

9. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on

information and belief, Defendant has illegally recorded other individuals within this judicial district without their knowledge or consent, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

10. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

11. Defendant is a Texas company with its principal office located at 1575 Heritage Dr., Ste 200, McKinney, Texas 75069. Defendant directs, markets, and provides business activities throughout the State of Florida.

## THE FSCA

12. The FSCA provides:

934.03   Interception and disclosure of wire, oral, or electronic communications prohibited.

(1)   Except as otherwise specifically provided in this chapter, any person who:
    (a)   Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication;
    (b)   Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when:
        1.   Such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
        2.   Such device transmits communications by radio or interferes with the transmission of such communication;
    (c)   Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
    (d)   Intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or
    (e)   Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication intercepted by means authorized by subparagraph (2)(a)2., paragraph (2)(b), paragraph (2)(c), s. 934.07, or s. 934.09 when that person knows or has reason to know that the information was obtained

3

through the interception of such a communication in connection with a criminal investigation, has obtained or received the information in connection with a criminal investigation, and intends to improperly obstruct, impede, or interfere with a duly authorized criminal investigation;

shall be punished as provided in subsection (4).

Fla. Stat. Ann. § 934.03.

13. Fla. Stat. Ann. § 931.10 provides a cause of action against entities that violated § 934.03:

934.10   Civil remedies.—

(1) Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications and shall be entitled to recover from any such person or entity which engaged in that violation such relief as may be appropriate, including:
   (a)   Preliminary or equitable or declaratory relief as may be appropriate;
   (b)   Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
   (c)   Punitive damages; and
   (d)   A reasonable attorney's fee and other litigation costs reasonably incurred.

## FACTS

14. On July 12, 2018, Defendant and/or its agent called Plaintiff's cellular telephone with a prerecorded message that advised Plaintiff to press 1 if he was interested in purchasing insurance.

15. After Plaintiff pressed 1, he was connected to a live representative who then tried to sell Plaintiff insurance.

16. Unbeknown to Plaintiff, Defendant and/or its agent recorded the conversation.

17. At no point in time did Defendant and/or its agent inform Plaintiff that he was being recorded.

18. At no point in time did Plaintiff provide Defendant and/or its agent with consent to be recorded.

19. Defendant and its agent recorded Plaintiff's private information, including his health

history, credit card information, and medical information.

20. Plaintiff received the subject calls within this judicial district and, therefore, Defendant's violation occurred within this district.

21. Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district and recorded those calls.

22. Upon information and belief, Defendant and/or its agent used a Voice Over Internet Protocol ("VOIP") system to place and record the calls to Plaintiff and other individuals in the Class.

23. On information and belief, the phone call with Plaintiff was intercepted by Defendant and/or its agent's VOIP system and the computers that it runs on.  It was then recorded without Plaintiff's knowledge by Defendant's and/or its agent's computer systems.

24. Defendant's surreptitious recordings of its conversation with Plaintiff caused Plaintiff harm, including invasion of his privacy and the potential for his private information to be released to other parties without Plaintiff's knowledge.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

26. Plaintiff brings this case on behalf of the below defined Class:

> **All persons residing within the State of Florida who (1) received a telephone call in Florida from Defendant or made a telephone call from Florida to Defendant; (2) where Defendant and/or its agents recorded the telephone call(s); and (3) where Defendant did not advise the Florida resident that telephone call was being recorded.**

27. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several

thousands, if not more.

**NUMEROSITY**

28. Upon information and belief, Defendant has recorded calls with thousands of consumers without their knowledge or consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' recording records.

**COMMON QUESTIONS OF LAW AND FACT**

30. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant violated the FSCA, Section 934.04;
>
> (2) Whether Defendant intercepted or recorded telephone calls to or from individuals;
>
> (3) Whether Defendant disclosed to individuals that it was recording their telephone calls;
>
> (4) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely records conversations with individuals without informing them of the fact that the conversation is being recorded is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the FSCA, Fla. Stat. Ann. § 934.03
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37. It is a violation of the FSCA to "Intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept any wire, oral, or electronic communication[.]  Fla. Stat. Ann. § 934.03(1)(a).

38. Further, under the FSCA, it is a violation to "Intentionally use, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]" Fla. Stat. Ann. § 934.03(1)(d).

39. Defendant violated § 934.03(1)(a) of the FSCA by recording Plaintiff and members of the Class without alerting them that they were being recorded and without their consent.

40. Defendant violated § 934.03(1)(d) of the FSCA by using the contents of the recorded calls while knowing that the information was obtained during the interception of a wire, oral, or electronic communication.

41. Plaintiff and the members of the Class had an expectation of privacy in their calls with Defendant which was violated by Defendant's recording of the calls.

42. As a result of Defendant's conduct and pursuant to § 934.10 of the FSCA, Plaintiff and the other members of the putative Class were harmed and are each entitled to "not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000[]." Fla Stat. Ann. § 934.10(b).  Plaintiff is also entitled to possible punitive damages, Fla Stat. Ann. §

934.10(c), and "reasonable attorney's fees and other litigation costs reasonably incurred." Fla Stat. Ann. § 934.10(d).

43. Plaintiff and the class are also entitled to an injunction against future recording of calls.

**WHEREFORE**, Plaintiff Cody Becker, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Florida Security of Communications Act, Fla. Stat. Ann. § 934.03;

b. An injunction prohibiting Defendant from recording individuals without their knowledge and consent;

c. An award of actual, liquidated damages, and/or punitive statutory damages;

d. Reasonable attorney's fees and costs; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Date: February 25, 2019

                                                                Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**IJH Law**
Ignacio J. Hiraldo
Florida Bar No. 0056031
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469
*Counsel for Plaintiff*

**EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Michael Eisenband
Florida Bar No. 94235
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092